FILED
United States Court of Appeals
Tenth Circuit

June 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KWINTON NOLAN WILEY,

Defendant - Appellant.

No. 09-5142

(N.D. Oklahoma)

(D.C. No. 4:09-CR-00049-JHP-1)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I.    INTRODUCTION

Appellant Kwinton Wiley shot and killed his neighbor's dog after it bit his son. Wiley was charged with and pleaded guilty to being a felon in possession of

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a firearm.  At sentencing, the district court applied a four-level enhancement for possessing the firearm in connection with another felony offense, cruelty to animals.  On appeal, Wiley challenges the application of this enhancement.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, the court **AFFIRMS** Wiley's sentence.

## II.    BACKGROUND

Wiley pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Wiley was charged with this offense after he used a rifle to shoot his neighbor's pit bull because it bit his eight-year-old son.  Wiley had been convicted of a felony prior to the date he shot the pit bull.

The calculation of Wiley's advisory guidelines range in the pre-sentence report included a four-level enhancement pursuant to USSG § 2K2.1(b)(6) for possessing the firearm in connection with another felony offense, specifically cruelty to animals in violation of Okla. Stat. tit. 21, § 1685.  Wiley objected to this enhancement and argued, in part, that had he actually been charged with cruelty to animals, he could have successfully raised the affirmative defense that the dog was a nuisance which he was entitled to abate.

At sentencing, Farran Bell, the mother of Wiley's son, testified the pit bull was chained to a tree in the neighbor's front yard, but could reach the edge of the sidewalk.  According to Bell, the dog was vicious and aggressive toward passers-

-2-

by during the six or seven months prior to the incident. She also testified both she and her sister had been bitten by the dog in the weeks before Wiley killed it. Nonetheless, neither the police nor animal control were contacted about the dog's behavior.

The district court overruled Wiley's objection and concluded Wiley had no legal right to destroy the dog. Thus, it applied the four-level enhancement. In doing so, the court stressed that no complaint had ever been filed against the dog and the dog's owner had volunteered to remove the dog from the yard. Accordingly, the court imposed a sentence of sixty months' imprisonment. Wiley now appeals his sentence.

## III.   DISCUSSION

Wiley argues the district court's findings cannot support the conclusion that he had no legal right to destroy the dog and, therefore, his sentence cannot be enhanced under USSG § 2K2.1(b)(6). "When evaluating sentence enhancements under the Sentencing Guidelines, we review the district court's factual findings for clear error and questions of law de novo." *United States v. Mozee*, 405 F.3d 1082, 1088 (10th Cir. 2005).

The enhancement in question instructs the district court to increase a defendant's offense level by four if the court finds, by a preponderance of the evidence, "the defendant used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6); *see also Mozee*,

405 F.3d at 1086 (referencing § 2K2.1(b)(5), which was moved to § 2K2.1(b)(6) in the 2006 Guidelines Manual).  The Sentencing Guidelines define "another felony offense" as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."  USSG § 2K2.1, cmt. n.14(C).

At sentencing, Wiley did not contest that cruelty to animals constitutes a felony under Oklahoma law.  Rather, he argued that had he been charged with cruelty to animals, he would have been entitled to the affirmative defense that he was abating a nuisance when he killed the dog.  On appeal, he argues the facts the district court relied upon do not establish by a preponderance of the evidence that he was not entitled to abate a nuisance.

Oklahoma law provides that any person may abate a public or private nuisance "by removing or, if necessary, destroying the thing which constitutes the [nuisance], without committing a breach of the peace or doing unnecessary injury."  Okla. Stat. tit. 50, § 12 (public nuisance); Okla. Stat. tit. 50, § 14 (private nuisance).  This court's reading of the sentencing transcript reveals the district court focused on two facts in particular when overruling Wiley's objection to the enhancement: no complaints or reports were ever filed with police or animal control and the dog's owner volunteered to take the dog to another location.

Wiley argues neither reason supports a ruling that he was not entitled to abate the nuisance. He cites *Hummel v. State* for the proposition that "a person who is aggrieved by a private nuisance has the right to abate the same by his own act, upon his own motion, without instituting any legal proceedings." 99 P.2d 913, 916 (Okla. Crim. App. 1940) (quotation omitted). Additionally, he argues the owner's offer to remove the dog does not support a finding that killing the dog was not necessary in light of the undisputed testimony presented that the owner was aware of the dog's aggressive behavior but did nothing about it.

We assume without deciding that abating a nuisance is a valid affirmative defense to the crime of cruelty to animals in Oklahoma. Further assuming the dog constituted a nuisance and Wiley was not required to contact the police or animal control before abating the nuisance, Wiley's argument still fails. The evidence presented supports the district court's ruling that the Government established by a preponderance of the evidence it was not necessary to kill the dog in order to abate the nuisance. While there was testimony indicating the dog's owner failed to address the dog's behavior in the past, the district court found the owner had actually agreed to address it after Wiley's son was bitten. Further, there was no indication in Farran Bell's testimony that the owner had previously agreed to do so but failed.

In light of the substantial deference given to the district court's findings of fact and our obligation to "view the evidence and inferences therefrom in the light

most favorable to the district court's determination," *Mozee*, 405 F.3d at 1088, we conclude the district court's finding on this issue supports its ruling that killing the dog was not necessary to abate the nuisance. Therefore, the district court did not err in finding, by a preponderance of the evidence, that Wiley used or possessed a firearm in connection with the felony offense of cruelty to animals by killing the dog, an action he had no legal right to undertake. Accordingly, the four-level enhancement under USSG § 2K2.1(b)(6) was properly applied.

## IV. CONCLUSION

For these reasons, Wiley's sentence is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge